[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CHANGE VENUE #312
This dissolution of marriage action was returnable to this court on June 16, 1987. Dissolution of marriage judgment entered on July 7, 1988. Both parties have contested this matter vigorously, continuously, and relentlessly first through counsel and thereafter pro se before several judges. The plaintiff wife had two prior attorneys before entering her pro se appearance in 1991. The defendant husband had four prior attorneys before entering his pro se appearance in 1988.
Defendant husband's present motion #312 for change of venue alleges, inter alia, that family services "has abused him over a seven year period, made false claims against him, would not talk to him or take any information from him after an initial visit, CT Page 7065 that the supervisor refused to remove the first worker until Hartford ordered it, that the supervisor argued with the defendant several times and was verbally abusive and insulting to him." He further alleges "that the two attorneys who were appointed guardian ad litem for the minor children were negatively influenced toward the case and the defendant, that family services personnel skipped this case and the defendant was kept waiting for hours, that the second case worker was removed from the case despite the defendant's complaints at all levels and the third worker assigned to this matter misled and lied to the defendant, that he was treated with hostility and was refused the advice that should be given as advertised, that the court refused the defendant the right to be heard on his own motion and that he can not get fair treatment," all of which he claims is not in his childrens' best interest. The three male children of the parties were ages 9, 6, and 3 at the time this matter was instituted and they are now 19, 16, and 13.
Connecticut General Statutes § 51-347b provides that [a]ny: action or the trial of any issue or issues therein may be, transferred, by order of the court on its own motion or on the granting of a motion of any of the parties, or by agreement of the parties, from the superior court for one judicial district to the superior court in another court location within the same district, or to a superior court location for any other judicial district, upon notice by the clerk to the parties after the order of the court, or upon the filing by the parties of a stipulation signed by them or their attorneys to that affect. The Chief Court Administrator, may, on his own motion, when required for the efficient operation of the courts and to ensure the prompt and proper administration of justice, order like transfers. The court has further considered Connecticut Practice Book §§ 212-215 inclusive dealing with the subject matter of this motion.
The parties have not agreed on the defendant's change of venue motion. The court heard testimony from five witnesses subpoenaed by defendant — Mr. Franco during three sessions, has carefully considered the seventeen exhibits he has presented and has examined the entire seven folder file together with all prior exhibits and filings in this voluminous file.
Attorney William Hennessy who served as attorney for the minor children stated that "the children were consistently opposed to. father's visitation. Strongly opposed. The childrens position was clear that they wanted no visitation with their CT Page 7066 father."
Janet Esposito-Daigle, supervisor of family relations at Bridgeport for approximately 10 years, Jennifer Champagne, a long time family relations counselor who has completed approximately 130 case studies, and Richard Pinkowski, family services lead counselor with 19 years experience and 250-300 studies were all examined by Mr. Franco. Each of the family relations staff impressed the court as being most competent, credible and dedicated to their work. The court is convinced that they achieved as good a result as was possible in this very difficult matter considering the temperament, attitude and posture of the involved parties.
Janet Lohman — plaintiff, the former Mrs. Franco, testified that in 1991 it was she who moved to change the venue of this matter. That request was not granted. She felt at that time the court and the family relations department had shown a bias in favor of the defendant husband as indicated by the recommendation of family services and the court orders concerning visitation which she felt were unduly favorable to the defendant-father. She testified that the "children did not want to visit with their father but that the court made them visit." She now strongly opposes father's Motion to Change Venue.
The court finds no evidence to substantiate any of the defendant-father's allegations for a change of venue. The motion should not and can not be granted solely because one of the parties is not satisfied with the result in a case and wants it to be relitigated before another court. A change of venue would place an unnecessary burden on another court location and family relations department to revisit this matter ab initio and to erase the hundreds of hours previously devoted by an outstanding family services department. It would be a disservice to the court system and all concerned parties to grant this motion solely because one party is not satisfied with the present result.
The defendant's motion to change venue is denied.
BALLEN, J.